**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2634-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NUR-RAHEEM PACK,
a/k/a NUR R. PACK, BOO
and RAHEEM PACK,

     Defendant-Appellant.

_____

Submitted April 12, 2021 – Decided May 4, 2021

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 96-05-0778.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

After a 1997 jury trial, defendant Nur-Raheem Pack was found guilty of murder and other criminal acts. He was a seventeen-year-old juvenile at the time of his offenses. The trial court imposed upon him a life sentence, subject to a thirty-year period of parole ineligibility.

Defendant's ensuing efforts on direct appeal and postconviction relief ("PCR") to set aside his conviction or reduce his sentence were unsuccessful. See State v. Pack, No. A-2864-97 (App. Div. Feb. 3, 2000) (affirming defendant's conviction and sentence on direct appeal), certif. denied, 164 N.J. 560 (2000); State v. Pack, No. A-3787-00 (App. Div. Nov. 21, 2002) (affirming first denial of PCR), certif. denied, 176 N.J. 280 (2003); State v. Pack, No. A-3486-09 (App. Div. June 7, 2011) (affirming subsequent denial of PCR).

Defendant moved for relief from his sentence in the trial court, arguing his minimum thirty-year period of incarceration unconstitutionally fails to take into account the so-called "youth factors" applicable to certain juvenile offenders under the United States Supreme Court's opinion in Miller v. Alabama, 567 U.S. 460 (2012). The trial court rejected his contentions, first in a written opinion issued by Judge Martha T. Royster on June 1, 2016. Following the New Jersey Supreme Court's opinion in State v. Zuber, 227 N.J. 422 (2017)

2

(implementing the <u>Miller</u> decision in this state for eligible juvenile offenders), defendant renewed his motion for relief, which Judge Sheila A. Venable denied in a written opinion on June 25, 2018.

On appeal, defendant's letter brief[1] presents the following argument for our consideration:

> POINT I
>
> THIS MATTER MUST BE REMANDED FOR CONSIDERATION OF MR. PACK'S ARGUMENT THAT HIS SENTENCE WAS ILLEGALLY IMPOSED WHEN THE COURT FAILED TO CONSIDER THAT HE WAS A CHILD AT THE TIME OF THE OFFENSE

We affirm. The holding in <u>Miller</u> does not apply to defendant because his custodial term with a thirty-year parole disqualifier is not the functional equivalent of a life-without-parole ("LWOP") sentence. <u>See</u> <u>State v. Tormasi</u>, 466 N.J. Super. 51, 66 (App. Div. 2021); <u>see also</u> <u>State v. Bass</u>, 457 N.J. Super. 1, 13-14 (App. Div. 2018).

Despite an invitation by the Court in <u>Zuber</u>, 227 N.J. at 452, for the Legislature to consider measures that would extend the <u>Miller</u> factors and

---

[1] We decline to comment on the argument presented for the first time in defendant's reply brief concerning his sentence. <u>See</u> <u>State v. Lenihan</u>, 219 N.J. 251, 265 (2014). In any event, that argument appears to overlap with the argument in the initial brief.

require post-sentencing review of lengthy prison terms imposed on juvenile offenders, the Legislature thus far has not done so. Nor has the Supreme Court mandated such an expansion of the law. Hence, the policy arguments raised by defendant seeking to change or re-interpret the governing law are not appropriate for this intermediate appellate court.[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We recognize that on March 26, 2021, the Supreme Court granted certification in State v. Comer, A-42-20, which presents this issue: "Is N.J.S.A. 2C:11-3(b)(1), which mandates a minimum sentence of at least thirty years in prison without parole for murder, unconstitutional as applied to juvenile offenders?"

A-2634-18